Honorable Timothy W. Dore
Chapter 13
Hearing Date: n/a (Ex Parte)
Location: n/a (Ex Parte)

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>ZELLER, Keith M. & Courtney M.<br><br>Debtors. | Case No.: 18-12006-TWD |
| ZELLER Keith M. & Courtney M.,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA ACTING THROUGH THE U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adv. No: 23-01009<br><br>**EX PARTE JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT DECLARING STUDENT LOAN DEBT PARTIALLY DISCHARGEABLE** |

Under Local Bankruptcy Rule 9013-1(g), Plaintiffs Keith M. Zeller & Courtney M. Zeller (Plaintiffs) and Defendant United States Department of Education (DOE), jointly move ex parte to resolve this adversary proceeding with a Consent Judgment declares dischargeable a portion of Plaintiffs' student loan debt, as described in the Certificate of Indebtedness attached hereto as Exhibit A (the Debt). The Debt should be declared partially dischargeable in the amount of $65,128.18 under 11 U.S.C. § 523(a)(8) because repaying that portion of the Debt would be an "undue hardship," as interpreted by the Ninth Circuit. *E.g.*, *Educ. Credit Mgmt. Corp. v. Nys (In re Nys)*, 446 F.3d 938, 941, n.1 (9th Cir. 2006) (summarizing three-prong *Brunner* test adopted by Ninth Circuit). The parties stipulate to the following facts that support that conclusion:

EX PARTE JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT DECLARING STUDENT LOAN DEBT PARTIALLY DISCHARGEABLE, *Zeller v. Dept. of Educ.*, No. A23-01009 - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
Tel. 206-553-7970

1. Plaintiffs are making monthly payments under a confirmed Chapter 13 Plan in Case No. B18-12006-TWD. They anticipate receiving a general discharge under 11 U.S.C. § 1328 upon completion of their Plan.

2. In November 2022, the United States Department of Justice, in coordination with DOE, issued "Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation" (Guidance), *available at:* https://www.justice.gov/civil/page/file/1552681/download (last visited Jun. 21, 2023). Pursuant to that Guidance, Plaintiffs submitted to DOE an Attestation in Support of Request for Stipulation Conceding Dischargeability of Student Loans (Attestation). The following facts and conclusions are drawn from information Plaintiffs provided in their Attestation.

3. Plaintiffs cannot maintain a minimal standard of living and fully repay the Debt. The IRS National and Local Standards for necessary living expenses, plus taxes, childcare, and health insurance costs, leave Plaintiffs with sufficient funds to pay only about 25 percent of their standard monthly student loan payment of $2,462. Further, Plaintiffs are ages 36 and 42 and in the middle of their careers; their income will not likely increase significantly.

4. Plaintiffs present inability to repay the Debt in full will likely persist for a significant portion of the Debt's repayment period. Under the Guidance, Plaintiffs qualify for a presumption that their inability to repay the Debt fully will persist as to those student loans that have been in repayment status for more than 10 years. Those loans comprise $65,128 of the present balance of the Debt.[1]

5. Plaintiffs have made a good faith effort to repay the Debt. Under the Guidance, Plaintiffs qualify for several presumptions of good faith:

- made $18,707 in payments towards the Debt;
- requested multiple forbearances or deferments;

---

[1] These loans are some of the underlying loans that Plaintiffs consolidated in 2014.

EX PARTE JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT DECLARING STUDENT LOAN DEBT PARTIALLY DISCHARGEABLE, *Zeller v. Dept. of Educ.*, No. A23-01009 - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
Tel. 206-553-7970

- applied for, and were enrolled in, an income-based repayment plan when their bankruptcy case commenced in 2018;
- attempted to contact their loan servicer dozens of times.

6. Plaintiffs do not have assets available to repay the Debt in full. Their home equity is fully protected by Washington State's homestead exemption. Their vehicles are a 2016 Hyundai and 2017 Ford Fiesta, each valued around $7,000. Plaintiffs own the corporation through which Mrs. Zeller operates her solo acupuncture practice. Selling the corporation is not a viable means to repay the Debt because it provides Mrs. Zeller's employment and wages.

7. Entry of the requested Consent Judgment declaring presently dischargeable a portion of the Debt in this adversary proceeding shall not prejudice or prevent entry of a judgment in a future adversary proceeding seeking to discharge additional amounts of the Debt.

8. Plaintiffs and DOE shall bear their own costs and attorney fees related to this action.

For the foregoing reasons, repaying the Debt in full would impose an "undue hardship" on Plaintiffs. The parties jointly request that the Court enter the "Ex Parte Consent Judgment Declaring Student Loan Debt Partially Dischargeable" to the extent of $65,128.00, under 11 U.S.C. § 523(a)(8).

DATED this 22nd day of June 2023.            Respectfully submitted,

s/ *Travis A. Gagnier*
Travis A. Gagnier
Law Offices of Travis Gagnier, Inc., P.S.
33507 9th Ave. S., Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
tagagnier@bestbk.com

s/ *Kyle A. Forsyth*
Kyle A. Forsyth, WSBA #34609
Assistant United States Attorney
U.S. Department of Justice
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA 98101
kyle.forsyth@usdoj.gov

EX PARTE JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT DECLARING STUDENT LOAN DEBT PARTIALLY DISCHARGEABLE, *Zeller v. Dept. of Educ.*, No. A23-01009 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
Tel. 206-553-7970